Eric C. Deters 81812
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| THOMAS CLARKSON, | : | Case No. 2:09-cv-00017-WOB |
| Plaintiff | : | Judge William O. Bertelsman |
| vs. | : | Magistrate Judge J. Gregory Wehrman |
| SHERRI'S INC. dba Night Moves, <br> 470 Tucker Dr. <br> Maysville, KY 41056 | : | FIRST AMENDED COMPLAINT <br> AND JURY DEMAND |
| JOHN C. KERLEY <br> 1218 Waller Street <br> Maysvillle, KY 41056 | : | |
| MASON COUNTY, KENTUCKY, <br> 221 Stanley Reed Court Street <br> Maysville, Kentucky 41056, | : | |
| GERALD CURTIS, Individually as <br> MASON COUNTY JAILER, <br> 702 US 68 <br> Maysville, KY 41056 | : | |
| JOHN HICKERSON, Individually as <br> Deputy Mason County Jailer, <br> 702 US 68 <br> Maysville, KY 41056 | : | |
| DEPUTY JAILERS, Names Unknown <br> MASON COUNTY JAILER, <br> 702 US 68 <br> Maysville, KY 41056 | : | |
| Defendants | : | |

Come now the plaintiff, and for his complaint, states as follows:

## JURISDICTION AND VENUE

1. This action is brought to redress grievances protected by the United States Constitution, 42 U.S.C. § 1983, and state law claims under the Constitution and laws of the Commonwealth of Kentucky. This court has jurisdiction of these matters under 28 U.S.C. §§ 1331, 1332, 1343. This court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

2. This court is the proper venue for this action under 28 U.S.C. § 1391.

## INTRODUCTION

3. At all times relevant, the plaintiff Thomas Clarkson was and is a resident of the State of Ohio.

4. This complaint is made upon information and belief based upon facts currently available to the Plaintiff.

5. Defendant Sherri's Inc., is, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Kentucky, with its principal place of business located at 470 Tucker Dr., Maysville, Mason County, Kentucky.

6. At all times mentioned in this complaint, defendant Sherri's Inc. owned and operated a tavern and night club known as Night Moves, located at 470 Tucker Dr., Maysville, Mason County, Kentucky, where among other things, food and intoxicating beverages were sold and the general public was invited as patrons.

7. At all times mentioned in this complaint, John C. Kerley, whose name was previously

unknown, was employed by defendant Sherri's Inc. as a bouncer and in doing the things alleged in this complaint was acting within the course and scope of that employment.

8. Defendant Mason County is now, and at all times mentioned in this complaint was, a political subdivision of the Commonwealth of Kentucky.

9. At all times relevant to this action, defendant Mason County, owned, operated, maintained, and controlled a jail located at 702 US 68, Maysville, Mason County, Kentucky.

10. Defendants Gerald Curtis is now, and at all times relevant to this action was employed by defendant Mason County as Jailer at the county jail mentioned above. Defendant Gerald Curtis was at all times mentioned acting within the course and scope of his employment with defendant Mason County.

11. Defendants John Hickerson and Deputy Jailers, names unknown, ("Unknown Deputy Jailers") were at all times relevant to this action employed by defendant Mason County as deputy jailers at the county jail mentioned above. Defendants Hickerson and Unknown Deputy Jailers were at all times mentioned acting within the course and scope of their employment with defendant Mason County.

12. At all times throughout these complaints, it is alleged and reincorporated, that Defendants Hickerson and Unknown Deputy Jailers' use of pepper spray on Plaintiff, and deliberate indifference towards Plaintiff's need for medical attention could be a pattern of continuing civil rights abuses by Unknown Deputy Jailers against persons at the Mason County Detention Center that results from defendant Mason County or defendant Gerald Curtis' deliberate conduct in failing to establish policy and custom, such failing that encourages and acquiesces in Fourth, Eighth, and Fourteenth Amendment rights violations. In addition, defendant Unknown Deputy Jailers' actions of using

pepper spray on Plaintiff, and being deliberately indifferent towards the plaintiff's need for medical attention was a direct result of the deliberate indifference on defendant Mason County or defendant Gerald Curtis's part in failing to adequately train, supervise and discipline defendants Unknown Deputy Jailers.

13. Defendants Hickerson and Unknown Deputy Jailers' action of using pepper spray on plaintiff could be the direct result of defendant Mason County or defendant Gerald Curtis' failure to have any policy regarding the use of pepper spray. As a result of defendant Mason County or defendant Gerald Curtis' failure to have any such policy, deliberate indifference and deliberate conduct as described above, defendant Mason County or defendant Gerald Curtis is the 'moving force' behind defendant Unknown Deputy Jailers' act of using pepper spray on plaintiff Thomas Clarkson.

14. Defendants Hickerson and Unknown Deputy Jailers knew or should have known that Thomas Clarkson was in need of medical attention and they either were not trained properly or acted improperly under the circumstances.

## GENERAL FACTUAL ALLEGATIONS

15. On the night of September 13, 2008 Plaintiff Thomas Clarkson patronized the bar Night Moves with his Sister, Mrs. Becky Koehler, his Brother in law, Mr. Rocky Koehler, his brother, Mr. Derrick Clarkson, and a friend, Ms. Ashley Donwey.

16. Approximately an hour after arriving Mr. Derrick Clarkson became involved in an argument with an unknown patron of Night Moves.

17. Plaintiff Thomas Clarkson stood next to the table where the argument was taking place.

18. Defendant Kerley, a bouncer, physically removed Plaintiff Thomas Clarkson from Night

Moves.

19. Plaintiff Thomas Clarkson tried to explain to defendant Kerley that he was not involved in the original dispute, and an argument ensued. During the Argument Mr. Clarkson made disparaging comments about Defendant Kerley.

20. Defendant Kerley began to chase Mr. Clarkson, who lost a shoe. Defendant Kerley then threw the shoe into the night.

21. Plaintiff Thomas Clarkson attempted to gain access to Mrs. Koehler's car which was parked in the Night Moves parking lot. It was approximately 20-30 yards from the front door of Night Moves. At this time Defendant Kerley reached Mr. Clarkson and struck him in the right eye, shattering the cheek bone and the bone around the eye. The blow rendered Mr. Clarkson unconscious, and he fell to the ground.

22. When Mr. Clarkson regained consciousness the Police had arrived on scene. They quickly placed him under arrest. Mr. Clarkson was confused as a result of the blow he had received from defendant Kerley, but still complied wholly with his arresting officers.

23. The police took Mr. Clarkson to the Meadowview Regional Medical Center. Two CAT scans revealed the broken bones in Mr. Clarkson's face. Mr. Clarkson was then released to the Mason County Detention Center without receiving any further care including medication for pain.

24. Plaintiff Clarkson was in intense pain from his broken bones. Despite Plaintiff's pain Defendants Hickerson and Unknown Deputy Jailers negligently or maliciously denied Mr. Clarkson any medical attention.

25. When Mr. Clarkson was denied medical attention, he raised his voice in a further attempt to procure it. Rather than give Mr. Clarkson his badly needed medical attention, defendant

Hickerson, without warning, sprayed his eyes, including his eye surrounded by shattered bones, with pepper spray causing a great deal of pain and suffering. It also burned his face, neck, back, mouth and chest. The pepper spray greatly aggravated the pain associated with Mr. Clarkson's broken bones.

26. Eventually Defendants Hickerson and Unknown Deputy Jailers poured water on Mr. Clarkson which alleviated some of the pain associated with the pepper spray.

27. After securing bail, Plaintiff was taken by his step father, Mr. Mark Sizemore, to Brown County Hospital. He was given pain medication and antibiotics for his injuries. More CAT scans were performed and Mr. Clarkson was referred to University Hospital to receive further treatment.

28. Surgery was required to place two metal plates around Mr. Clarkson's eye and cheek. He also suffers from nerve damage and has lost the feeling in parts of his face and mouth in addition to numerous other damages suffered.

## COUNT I -BATTERY
### (Kerley, Sherri's Inc.)

29. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

30. Defendant Kerley intended to strike Plaintiff in the face.

31. The Defendant's actions were not justified and neither were they invited by the Plaintiff.

32. The Defendant's actions constitute harmful and offensive contact with the Plaintiff.

33. The Defendant's actions constitute a battery on the Plaintiff.

34. The Defendant employee was acting within the scope of his employment by the defendant Sherri's Inc, which is responsible for its employee's actions.

35. The Plaintiff suffered numerous personal injuries as a direct and proximate cause of the

Defendant's conduct.

## COUNT II - NEGLIGENCE
### (Kerley, Sherri's Inc.)

36. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

37. Defendant Kerley owed Plaintiff a duty to act as a reasonably prudent person would.

38. Defendant Kerley, through his actions, breached his duty to Plaintiff.

39. The Defendant employee was acting within the scope of his employment by the defendant Sherri's Inc, which is responsible for its employee's actions.

40. Plaintiff has suffered numerous personal injuries as a result of the Defendants' breach.

## COUNT III - BATTERY
### (Hickerson)

41. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

42. Defendant Hickerson intended to use pepper spray on Plaintiff.

43. The Defendant's actions were not justified and neither were they invited by the Plaintiff.

44. The Defendant's actions constitute harmful and offensive contact with the Plaintiff.

45. The Defendant's actions constitute a battery on the Plaintiff.

46. The Plaintiff suffered numerous personal injuries as a result of the Defendant's conduct.

## COUNT IV - NEGLIGENCE
### (Hickerson, Unknown Deputy Jailers)

47. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

48. Defendants' acts and omissions were negligent, reckless, and wanton. Defendants failed to act with the requisite standard of care to prevent unreasonable injury to the Plaintiff.

49. Defendants' acts and omissions described above were a substantial factor in the worsening of the injuries experienced by Plaintiff.

50. As a result, Plaintiff suffered substantial physical, emotional, and economic injuries.

## COUNT V- VIOLATION OF §17 OF THE KENTUCKY CONSTITUTION
### (Hickerson, Unknown Deputy Jailers, Gerald Curtis, Mason County)

51. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

52. Kentucky Constitution §17 prohibits the State from inflicting cruel punishments upon the people of the Commonwealth.

53. The Defendants, through their actions, violated the Kentucky Constitution.

54. The Plaintiff suffered numerous injuries as a result of the Defendant's breach of the Kentucky Constitution.

## COUNT VI - VIOLATION OF §1 OF THE KENTUCKY CONSTITUTION
### (Hickerson, Unknown Deputy Jailers, Gerald Curtis, Mason County)

55. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

56. The actions of the Defendants deprived the Plaintiff of his rights to life, liberty, and all other rights secured by §1 of the Kentucky Constitution.

57. The Defendants' acts were the proximate cause of the Plaintiff's injuries.

58. The Plaintiff suffered numerous injuries resulting from the deprivation of his rights guaranteed to him under the Kentucky Constitution.

## COUNT VII-VIOLATION OF KRS 71.040
### (Hickerson, Unknown Deputy Jailers)

59. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

60. Defendants Unknown Deputy Jailers had a duty to treat Plaintiff humanely.

61. Defendants Unknown Deputy Jailers, failed to treat Plaintiff in a humane way. That failure resulted in a failure to perform a ministerial act.

62. Plaintiff was severely harmed by the Defendants' failure to perform said ministerial act.

### COUNT VIII-VIOLATION OF WRITTEN CODE OF ETHICS
### REQUIRED UNDER 501 KAR 7:040
### (Hickerson, Unknown Deputy Jailers, Gerald Curtis)

63. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

64. Defendant Gerald Curtis had a duty to make a written code of ethics under 501 KAR 7:040.

65. Defendants Gerald Curtis, and Unknown Deputy Jailers had a duty to: 1) obey all established rules and administrative regulations, 2) not employ corporal punishment or unnecessary physical force, 3) not subject a prisoner to physical or mental abuse, 4) not intentionally demean or humiliate a prisoner, 5) not to negligently endanger the well-being of others, 6) treat prisoners in a fair, impartial manner, and 7) report a violation of the code of ethics to the jailer.

66. Defendants Gerald Curtis and Unknown Deputy Jailers, breached that duty. That breach resulted in a failure to perform a ministerial act.

67. The Defendants' failure resulted in the Plaintiff being severely injured.

### COUNT IX-VIOLATION OF 501 KAR 3:090
### (Hickerson, Unknown Deputy Jailers, Gerald Curtis, Mason County)

68. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

69. Defendants Gerald Curtis and Unknown Deputy Jailers had a duty to inform Plaintiff verbally and in writing at the time of admission the methods of gaining access to medical care within the jail.

70. Defendants Gerald Curtis and Unknown Deputy Jailers had a duty to provide emergency medical care to Plaintiff commensurate with the level of care available to the community.

71. Defendants Gerald Curtis and Unknown Deputy Jailers had a duty to provide emergency

care to Plaintiff.

72. The Defendants Gerald Curtis and Unknown Deputy Jailers breached all of the above duties. Said breach resulted in a failure to perform a ministerial act.

73. Plaintiff was severely injured by the Defendants' failure to perform the ministerial act.

## COUNT X - VIOLATION OF 42 U.S.C. § 1983
### (Hickerson, Unknown Deputy Jailers, Gerald Curtis)

74. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

75. The Defendants Gerald Curtis and Unknown Deputy Jailers through their actions and acting under the color of law, subjected Plaintiff, and caused Plaintiff to be subjected to the deprivations of his rights, privileges, and immunities secured by the Constitution and laws of the Commonwealth of Kentucky and of the United States of America.

76. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

## COUNT XI - EXCESSIVE FORCE
### (Hickerson)

77. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

78. Defendant Hickerson used excessive force in the restraint of Plaintiff in violation of the United States and Kentucky Constitutions and Fourth Amendment or both.

79. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendant's actions.

### COUNT XII - FOURTEENTH AMENDMENT DUE PROCESS
### (Hickerson, Unknown Deputy Jailers, Gerald Curtis, Mason County)

80. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

81. Defendants violated Plaintiff's rights, under both the Fourteenth Amendment of United States Constitution and the Kentucky Constitution, to due process of law and to his liberty.

82. Plaintiff' suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

### COUNT XIII - CONSTITUTIONAL VIOLATIONS
### (Mason County, Gerald Curtis)

83. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

84. The Defendants Mason County and Gerald Curtis authorized and ratified the wrongful conduct of the Defendants Hickerson and Unknown Deputy Jailers. Defendants' wrongful conduct was the direct result of the policies, practices and customs of the Mason County Detention Center and its employees.

85. Defendants Mason County and Gerald Curtis failed to establish adequate policies and procedures to properly train or supervise Defendants Hickerson and Unknown Deputy Jailers on the appropriate use of force, specifically the use of Pepper Spray. The acts and omissions by these Defendants were the direct and proximate cause of Plaintiff's suffering in violation of Plaintiff's civil rights under the laws of the United States, Constitution of the United States and Constitution of the Commonwealth of Kentucky.

86. Defendants Mason County and Gerald Curtis failed to properly enforce or adopt written policies designed to prevent the type of injury suffered by Plaintiff. The acts and omissions by this Defendant were the direct and proximate cause of Plaintiff's suffering in violation of Plaintiff's civil

rights under the laws of the United States, Constitution of the United States and Constitution of the Commonwealth of Kentucky.

87. Plaintiff's suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

### COUNT XIV - FOURTEENTH AMENDMENT DUE PROCESS
### (Mason County)

88. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

89. Defendant Mason County violated Plaintiff's rights, under both the Fourteenth Amendment of the United States Constitution and the Kentucky Constitution, to due process of law and to his liberty.

90. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

### COUNT XV - NEGLIGENCE
### (Sherri's Inc.)

91. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

92. Defendant Sherri's Inc. owed Plaintiff a duty to act as a reasonably prudent person would.

93. Defendant Sherri's Inc. breached its duty to Plaintiff by negligently hiring and employing John C. Kerley as a bouncer.

94. Plaintiff has suffered numerous personal injuries as a result of the Defendant's breach.

### PRAYER FOR RELIEF

Wherefore, the plaintiff respectfully requests judgment in favor of the plaintiff against the defendants on all counts for:

1. Compensatory damages in excess of the minimum jurisdiction of this court;

2. Punitive damages;

3. Injunctive relief;

4. Reasonable attorney fees;

5. Their costs and expenses;

6. Trial by jury, and

7. Any and all other relief to which they may appear entitled.

/s/ Eric C. Deters
Eric C. Deters (81812)
Attorney for Plaintiff
ERIC C. DETERS & ASSOCIATES, P.S.C.
5247 Madison Pike
Independence, KY 41051-7941
859-363-1900   Fax: 859-363-1444
Email: eric@ericdeters.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the persons named below by the Court's ECF system or U.S. Mail on June 1, 2009.

/s/ Eric C. Deters

cc:
Paul R. Boggs, III,
Charles T. Lester, Jr.
Jeffrey C. Mando